UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
at COVINGTON

Civil Action No. 11-225-HRW

TARA POE,                                               PLAINTIFF,

v.            **MEMORANDUM OPINION AND ORDER**

MICHAEL J. ASTRUE
COMMISSIONER OF SOCIAL SECURITY,          DEFENDANT.

Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's application for disability insurance benefits. The Court having reviewed the record in this case and the dispositive motions filed by the parties, and being otherwise sufficiently advised, for the reasons set forth herein, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

## II. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed her current application for disability insurance benefits on February 14, 2008, alleging disability beginning on June 1, 2000, due to "[p]tsd-anxiety, depression, dissociation disorder, back, hip problems, 2 herniated discs in neck, degenerative disc disorder, possible heart problems" (Tr. 153). This

application was denied initially and on reconsideration (Tr. 72-73).

On March 3, 2010, an administrative hearing was conducted by Administrative Law Judge Larry Temin ( "ALJ"), wherein Plaintiff, accompanied by counsel, testified. At the hearing, Stephanie Barnes, a vocational expert ( "VE"), also testified.

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-step sequential analysis in order to determine whether the Plaintiff was disabled:

> Step 1: If the claimant is performing substantial gainful work, he is not disabled.
>
> Step 2: If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).
>
> Step 3: If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.
>
> Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.
>
> Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

On April 29, 2010, the ALJ issued his decision finding that Plaintiff was not disabled. Plaintiff was 33 years old on the date last insured (Tr. 135). She has a high school education and has taken some college (Tr. 65-66). Her past relevant work experience consists of work as a secretary and file clerk (Tr. 154. 163).

At Step 1 of the sequential analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity from the alleged onset date of disability though the date last insured, March 31, 2004 (Tr. 23).

The ALJ then determined, at Step 2, that Plaintiff suffers from lumbar strain, cervical degenerative disc disease / strain, affective disorder, anxiety disorder and alcohol abuse, which he found to be "severe" within the meaning of the Regulations (Tr. 23).

At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the listed impairments (Tr. 24).

The ALJ further found that through the date last insured, Plaintiff was unable to perform her past relevant work (Tr. 29).

However, the ALJ concluded Plaintiff retained the residual functional capacity ("RFC") to perform the physical exertion and nonexertional requirements of light work, with additional limitations, prior to her date last insured expired (Tr.

3

25). The ALJ specifically found that she could lift/carry up to 20 pounds occasionally and 10 pounds frequently, and stand and/or walk for 6 hours in an eight-hour work day. She could occasionally stoop, kneel, crouch, and climb ramps/stairs. She could not crawl or climb ladders/ropes/scaffolds, work at unprotected heights or around hazardous machinery. Plaintiff is able to remember and carry out short and simple instructions, could not interact with the general public and could not interact more than occasionally with coworkers or supervisors. She could not work at a rapid production rate pace and was able to make simple, work-related decisions. Her job should not have required more than ordinary and routine changes in work setting or duties during the relevant time period (Tr. 25).

The ALJ finally concluded that such jobs exist in significant numbers in the national and regional economies, as identified by the VE (Tr. 30).

Accordingly, the ALJ found Plaintiff not to be disabled at Step 5 of the sequential evaluation process.

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner on July 15, 2011.

Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision. Both parties have filed Motions for Summary

4

Judgment.

### III. ANALYSIS

#### A. Standard of Review

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence. "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility." *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988). Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

#### B. Plaintiff's Contentions on Appeal

Plaintiff contends that the ALJ's finding of no disability is erroneous because: (1) the ALJ did not properly consider Plaintiff's episodic use of alcohol; (2) the ALJ improperly discounted the opinions of treating sources, Edward J. Connor, Psy.D. and Tamara M. Campbell, M.D., Psy.D. and (3) the ALJ did not consider Plaintiff's leg/knee pain.

### C.     Analysis of Contentions on Appeal

Plaintiff's first claim of error is that the ALJ did not properly consider Plaintiff's episodic use of alcohol.

Contrary to Plaintiff's assertion, in his decision, the ALJ discussed this issue at length. He concluded that Plaintiffs "exacerbations, hospitalizations, and increased depression and anxiety were typically related to alcohol abuse and failure to take medication." (Tr. 27). The ALJ correctly noted that when Plaintiff was sober and compliant with medication, she reported improved symptoms and a better ability to cope. Plaintiff's documented non-compliance with treatment is significant as it can provide the basis for an unfavorable decision. *Dehart v. Astrue*, 2008 WL 375223 (E.D.Ky. 2008). 20 C.F.R. §404.1530 provides a list of reasons for non-compliance which are deemed excusable. However, Plaintiff has proffered none of these reasons for her documented failure to take her psychiatric medications or attend scheduled treatment sessions.

6

Further, even when she was using alcohol and did not take medication, the records show Plaintiff remained fairly functional. She took classes, maintained a household, made a conscious decision to have a second child, and cared for her children - all during the time she alleges she was disabled.

A review of the decision shows that the ALJ clearly, and specifically, evaluated Plaintiff's abuse of alcohol. His conclusions in this regard are supported by the evidence in the record.

Plaintiff's second claim of error is that the ALJ improperly discounted the opinions of treating sources, Edward J. Connor, Psy.D. and Tamara M. Campbell, M.D., Psy.D.

In order to be given controlling weight, the opinions of a treating source on issues involving the nature and severity of a claimant's impairments must be well supported by medically acceptable clinical and laboratory diagnostic techniques, and be consistent with other substantial evidence in the case record. 20 C.F.R. § 416.927(d)(2). The Court is mindful of the fact that the Commissioner is not bound by a treating physician's opinion. Such opinions receive great weight only if they are supported by sufficient medical data. *Harris v. Heckler*, 756 F.2d 431, 435 (6th Cir. 1985)(citations omitted).

The ALJ specifically noted that although Dr. Connor began seeing Plaintiff

in the Spring 2004, his opinions were not helpful is establishing disability prior to March 31, 2004 (Tr. 28). Indeed, it is unclear whether he even saw her before March 31, 2004 (Tr. 28). There are no treatment notes in the report indicating Dr. Connor recorded any functional limitations that precluded Plaintiff from working prior to March 31, 2004. Therefore, his opinions are not relevant and were properly disregarded by the ALJ.

With respect to Dr. Campbell, the ALJ found her disability conclusions "misleading and incomplete" (Tr. 28). Dr. Campbell did not begin to treat Plaintiff until after March 31, 2004, thereby rendering her treatment irrelevant to the time period being adjudicated. Although Dr. Campbell reviewed Plaintiff's prior medical reports, she simply noted Plaintiff was
hospitalized numerous times for depression and anxiety (Tr. 1231). Yet she did not attribute these hospitalizations to alcohol abuse.

Dr. Campbell ultimately opined that Plaintiff was not capable of employment between June 2000 and March 2004 (Tr. 1231). The ALJ was correct in disregarding this conclusory remark. It is within the province of the ALJ to make the legal determination of disability. The ALJ is not bound by a treating physician's conclusory statement, particularly where the ALJ determines, as she did in this case, where these is medical proof that Plaintiff retains the RFC

8

to work in some capacity other than her past work. *See King v. Heckler*, 742 F.2d 968, 973 (6th Cir. 1984).

Finally, Plaintiff contends that the ALJ did not did not consider her leg/knee pain. Yet, the ALJ found her degenerative disc disease to be a "severe" impairment. The RFC includes limitations in this regard. Plaintiff has not argued what functional limitations her leg/knee pain cause in addition to these set forth in the RFC.

Moreover, the ALJ found Plaintiff's description of her symptoms to be less than credible (Tr. 25-26). It is well established that as the "ALJ has the opportunity to observe the demeanor of a witness, his conclusions with respect to credibility should not be discarded lightly and should be accorded deference." *Hardaway v. Secretary of Health and Human Services*, 823 F.2d 922, 928 (6th Cir. 1987). Upon review, this Court is limited to evaluating whether or not the ALJ's explanations for partially discrediting the Plaintiff are reasonable and supported by substantial evidence in the record. In this case, the Court finds no error in the ALJ's assessment of Plaintiff's credibility.

### III. CONCLUSION

The Court finds that the ALJ's decision is supported by substantial evidence

9

on the record. Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED**. A judgment in favor of the Defendant will be entered contemporaneously herewith.

This 3rd day of May, 2012.



---
Henry R. Wilhoit, Jr., Senior Judge